UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. WILSON,<br>　　　　Defendant. | )<br>)<br>)<br>) CAUSE NO.: 2:16-CR-180-JVB-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 136] filed by Defendant Michael J. Wilson on June 29, 2023. The Government filed a response on August 22, 2023.[1] For the reasons below, the Court denies Wilson's motion.

**PROCEDURAL BACKGROUND**

Wilson was charged in a two-count superseding indictment with interfering with commerce by threat or violence in violation of 18 U.S.C. §§ 2 and 1951 and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). On August 9, 2017, Wilson pled guilty to the § 924(c) charge (count 2) pursuant to a plea agreement. At the December 5, 2017 sentencing, the Court sentenced Wilson to 48 months on count 2, to be followed by three years of supervised release. The Court also dismissed the § 1951 charge on the Government's motion. Judgment was entered December 11, 2017. No appeal followed.

On April 11, 2019, Wilson filed a short "Motion for Permission to File for Relief or Correct Illegal Sentence and for Sentencing Reduction Under the First Step Act," which the Court denied

---

[1] This is an amended response. The original response was filed one day earlier on August 21, 2023.

"without prejudice so that Defendant can file a proper § 2255 motion" on August 22, 2019. The instant § 2255 motion eventually followed nearly four years later on June 29, 2023.

## ANALYSIS

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Wilson, citing *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 588 U.S. 445 (2019), argues that he should be granted relief under § 2255 because "924(c) was deemed unconstitutionally vague." He also states that Hobbs Act robbery was deemed not a crime of violence and cannot serve as a predicate offense for a § 924(c) conviction.

The Government counters Wilson's arguments, stating that Wilson's motion is untimely, is barred by his appeal waiver, is procedurally defaulted, and fails on the merits. The Court agrees with the Government that Wilson's motion must be denied.

### A. Timeliness

The relevant statute provides that petitions under § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    Wilson acknowledges that his judgment of conviction became final over one year ago and asserts that the one-year statute of limitations for § 2255 motions does not bar his motion because there was a change in the law, the count he pled guilty to "is unconstitutional," and "[he] was not aware of these changes until recently, [he] pursued the matter as soon as [he] was informed of the changes." (Mot. at 11, ECF No. 136).

    Regarding subsection (f)(1), judgment was entered on December 11, 2017, and the period in which Wilson could file an appeal ended sixty days later on February 9, 2018. *See* Fed. R. App. P. 4(a)(1)(B). Accordingly, if (f)(1) is the latest of the § 2255(f) criteria, the one-year limitations period expired in February 2019. Wilson does not argue the existence of a governmental impediment under (f)(2) or newly discovered evidence under (f)(4). Wilson cites to two cases—*Johnson* and *Davis*—and writes of a change in the law, which gives the appearance of trying to make the motion timely under (f)(3), but the most recent of the two cases (*Davis*) was decided on June 24, 2019, meaning that, even if *Davis* provides the starting date for the limitations period, the time for filing a § 2255 motion ended well before June 29, 2023, when Wilson filed his motion. The Government identifies *United States v. Taylor*, 142 S. Ct. 2015 (2022), which was decided approximately one year before Wilson's motion, but as the Government notes, *Taylor* is a case about *attempted* Hobbs Act robbery as a § 924(c) predicate offense, not *completed* Hobbs Act robbery. Wilson's motion is untimely, and this provides adequate reason to deny Wilson's motion.

3

### B. Waiver of Right to Collateral Review

In his plea agreement, Wilson waived his right to seek collateral review on any grounds other than ineffective assistance of counsel. (Plea Agreement § 7.i., ECF No. 32). In general, appellate waivers in plea agreements are enforceable. *See, e.g.*, *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (finding a defendant may, in a plea agreement, waive his right to both direct appeal and collateral attack). There are limited exceptions to the general enforceability of appellate waivers, including

> (1) a sentence based on constitutionally impermissible criteria, such as race; (2) a sentence that exceeds the statutory maximum for the defendant's particular crime; (3) deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans); and (4) ineffective assistance of counsel in negotiating the plea agreement.

*United States v. Adkins*, 743 F.3d 176, 192-93 (7th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005)). Wilson does not argue that some defect in his waiver exists such that it should not be enforced. The Court, on its own review, sees no barrier to enforceability and finds that Wilson's waiver is enforceable. This basis provides another ground on which to deny Wilson's motion.

### C. Other Arguments

Having identified two reasons to deny Wilson's motion, either one of which alone would provide sufficient grounds for the denial, the Court, in an exercise of judicial economy, declines to analyze the remaining arguments presented for denying Wilson's motion.

### CERTIFICATE OF APPEALABILITY

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Wilson has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Therefore, the Court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 136] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on May 13, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT